

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-75,864-05

### EX PARTE BARTHOLOMEW ANTONIO GUZMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1053411-B IN THE 262ND DISTRICT COURT
### FROM HARRIS COUNTY

***Per curiam.*** YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.

## O R D E R

Applicant was convicted of causing serious bodily injury to a child and sentenced to ninety years' imprisonment. The First Court of Appeals affirmed his conviction. *Guzman v. State*, No. 01-06-00946-CR (Tex. App.—Houston [1st Dist] Feb. 7, 2008) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges that the State presented false testimony at trial and relies on the statutory basis in Texas Code of Criminal Procedure Article 11.073 to assert that new scientific evidence has emerged that contradicts the scientific evidence relied upon by the State at trial.

Applicant has alleged facts that, if true, might entitle him to relief. TEX. CODE CRIM. PROC. art. 11.073; *Ex parte Chabot*, 300 S.W.3d 768 (Tex. Crim. App. 2009). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether the State's expert witness testimony was false, and if so, whether the error contributed to Applicant's conviction. The trial court shall also make findings of fact and conclusions of law as to whether the information included in the report of Dr. Harry J. Bonnell is based on relevant scientific evidence which was not available at the time of Applicant's trial, whether the scientific evidence would be admissible under the Texas Rules of Evidence at a trial held on the date of the application, and whether, had the scientific evidence been presented at trial, by a preponderance of the evidence Applicant would not have been convicted. TEX. CODE CRIM. PROC. art. 11.073. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.


Filed: February 8, 2023
Do not publish